IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02156-WDM-MEH

SPIRE DENVER, LLC, a Colorado limited liability company, and
SPIRE DENVER INVESTORS, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

HYPO REAL ESTATE CAPITAL CORPORATION, a Delaware corporation,

    Defendant.

---

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

---

Plaintiffs have filed a Motion for Leave to Amend Complaint (docket #35) ("Motion to Amend"). This motion has been referred to this Court for disposition (docket #36). Defendant has filed its response and Plaintiffs their reply. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.**     **Facts**

Plaintiffs allege that Defendant breached a contract by which Defendant committed to lend Plaintiffs money for the construction of The Spire, a 41-story high rise retail and residential project in downtown Denver, Colorado. In their simplest form, Plaintiffs' allegations are that Defendant represented it had the authority to make a decision to loan the money; that Defendant's loan committee approved the loan; that Defendant executed signature pages and sent them to Plaintiffs; but that Defendant's German parent corporation refused to allow Defendant, its subsidiary, to consummate the transaction, thus resulting in damage to Plaintiffs because of the subsequent

increased cost in financing over and above what the original transaction would have entailed.

The proposed amended complaint, brought within the time permitted by the Scheduling Order, would add (1) a Plaintiff, Nichols Partnership, which was a "sponsor" of The Spire and a guarantor of the loan transactions that underlie this lawsuit and which, after the loan with Defendant fell through, engaged in efforts to keep additional lenders in the game, transferring to them an interest in The Nichols Partnership III, LLC, a member of Plaintiff Spire Denver Investors, LLC (Nichols Partnership also contends that it paid these lenders a fee of $40,000 after the closing of their loans, money that was occasioned by the actions of Defendant); (2) another Plaintiff, Centennial Realty Advisors, one of whose principals was Randy Nichols, a principal of Plaintiffs, and who lost a property management engagement at an unrelated project called The Landmark because Defendant, which also was a lender for The Landmark, directed the termination of Centennial allegedly in retaliation for the filing of this lawsuit; and (3) a claim for exemplary damages by Plaintiffs and by Centennial.

Defendant opposes all additions proposed in the First Amended Complaint. Defendant opposes the addition of the Nichols Partnership because Mr. Nichols, in a recent deposition, disclaimed any damages to the Nichols Partnership as a result of the transaction at issue. Defendant opposes addition of Centennial asserting that its claims do not satisfy the requirement of Fed. R. Civ. P. 20, concerning relatedness of claims and parties. Defendant opposes the claim for exemplary damages because Plaintiffs propose such a claim as a freestanding cause of action, which is barred by the rules of pleading, and because under Colorado law, Plaintiffs have not presented the requisite factual basis for including such a claim.

In reply, Plaintiffs submit a more recent declaration by Mr. Nichols apologizing for his

misstatements concerning the lack of any damage suffered by the Nichols Partnership and outlining the damages as noted in the preceding paragraph. Plaintiffs allege that the Centennial transaction is sufficiently related in time and substance to permit addition of Centennial as a party under the liberal standard of Fed. R. Civ. P. 15. Finally, Plaintiffs agree to file an amended First Amended Complaint to address the technical error of asserting a freestanding claim for exemplary damages, and Plaintiffs argue that the proposed First Amended Complaint adequately states a basis for exemplary damages and, even if not, Plaintiffs submit extraneous documents establishing such a basis.

**II.     Discussion**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182. In addition, a party seeking joinder of claimants

under Rule 20 must establish: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *See* Fed. R. Civ. P. 20(a).

Concerning the addition of Nichols Partnership as a Plaintiff, the Nichols declaration that changes Mr. Nichols' testimony concerning the existence of any damages will eventually have to stand up to scrutiny in the form of a motion for summary judgment under the sham affidavit doctrine.[1] However, at this point in the pleading phase of the case, which requires only that the amendment be able to withstand a motion to dismiss, Plaintiff Nichols Partnership has provided a sufficient factual and legal basis for being at the table. The Motion to Amend will be granted insofar as it seeks to add Nichols Partnership as a Plaintiff.

Concerning the addition of a prayer for exemplary damages, Plaintiffs have provided *prima facie* proof of a triable issue of exemplary damages through the material submitted with the reply in support of the Motion to Amend. It is the discovery process, not the initial complaint, that is anticipated to supply the requisite *prima facie* evidence. *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). Thus, the Complaint need not *per se* establish *prima facie* support for a prayer of exemplary damages. In addition, Plaintiffs' proposed solution of dropping a freestanding cause of action for exemplary damages and making it part of their prayer for relief is the proper course of

---

[1] "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Perma Research and Development Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir.1969). In *Van T. Junkins and Associates v. U.S. Industries,* 736 F.2d 656 (11th Cir.1984), the court recognized that an affidavit may be disregarded when it contradicts clear answers previously given in deposition testimony.
*See Aircraft Sales of California, Inc. v. Insured Aircraft Title Service, Inc.*, No. 90-6125, 1991 WL 274101, *4 (10th Cir. 1991).

action, rather than Defendant's request to deny the Motion to Amend without prejudice at this time based on the technical, though correct, argument that exemplary damages cannot be a separate claim. Because Plaintiffs will be filing a supplemental First Amended Complaint, the Court directs that Plaintiffs include in their supplemental First Amended Complaint substantive allegations of conduct supporting a *prima facie* claim for exemplary damages as demonstrated by the materials attached to the Reply.

Finally, concerning the addition of Centennial, the Court agrees that this is a close question. Centennial shares a principal with Plaintiff Spire, Randy Nichols, and Centennial contends that it was lumped in with Spire as an outlet for Defendant's wrath as a result of the filing of this lawsuit. If Defendant's motive in rejecting Centennial as a manager for The Landmark was based on retaliation for the filing of his suit, Centennial may have a tort claim, and Defendant does not argue that such a claim by Centennial would be futile. Had this tort claim been brought in a separate lawsuit, it may well have been the Defendant filing a motion to consolidate cases, which would likely be granted. There will be overlapping evidence here, and judicial economy (one lawsuit instead of two) is an important consideration. The Court believes Rule 20 has been satisfied, and the Court will permit joinder.

### III. Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion for Leave to Amend Complaint [filed March 12, 2008; docket #35] is **granted**. Plaintiffs are directed to file a First Amended Complaint consistent with this Order on or before May 9, 2008.

Dated at Denver, Colorado, this 1st day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge