IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02156-WDM-MEH

SPIRE DENVER, LLC, a Colorado limited liability company,
SPIRE DENVER INVESTORS, LLC, a Colorado limited liability company,
NICHOLS PARTNERSHIP, INC., and
CENTENNIAL REALTY ADVISORS, LLC,

    Plaintiffs,

v.

HYPO REAL ESTATE CAPITAL CORPORATION, a Delaware corporation,

    Defendant.

## ORDER ON MOTION FOR SANCTIONS

Plaintiffs have filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) [docket #77] ("Motion for Sanctions"). The motion has been referred to this Court for disposition [docket #78]. The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court **denies** the Motion for Sanctions.

**I.    Facts**

Plaintiffs allege that Defendant breached a contract by which Defendant committed to lend Plaintiffs money for the construction of The Spire, a 41-story high rise retail and residential project in downtown Denver, Colorado. In their simplest form, Plaintiffs' allegations are that Defendant represented it had the authority to make a decision to loan the money; that Defendant's loan committee approved the loan; that Defendant executed signature pages and sent them to Plaintiffs; but that Defendant's German parent corporation refused to allow Defendant, its subsidiary, to consummate the transaction, thus resulting in damage to Plaintiffs because of the subsequent delay,

including increased cost in construction and financing over and above what the original transaction would have entailed.

In the instant motion, Plaintiffs assert that Defendant failed to disclose, pursuant to Fed. R. Civ. P. 26(a)(1), Bettina von Oesterreich, the individual associated with the German parent corporation responsible for the disapproval of the loan transaction at issue in this case. Specifically, Plaintiffs contend that Defendant's failure to disclose Ms. von Oesterreich, a non-party and German citizen, as a potential trial witness until June 16, 2008 (one month before the discovery cutoff) has caused them prejudice in being unable to complete Ms. von Oesterreich's deposition pursuant to international procedures before the discovery deadline.

Defendant counters that it did, in fact, disclose Ms. von Oesterreich through its written discovery responses and documents as early as January 2008. Moreover, Defendant contends that discussion regarding Ms. von Oesterreich occurred in several depositions taken by Plaintiffs in February 2008, as well as conversations among counsel, during which the parties repeatedly discussed taking Ms. von Oesterreich's deposition (attempts among counsel to schedule and arrange Ms. von Oesterreich's deposition occurring between February 2008 and April 2008). Defendant argues that in its initial disclosures, it referenced all disclosures made by Plaintiffs such that, when Plaintiffs identified Ms. von Oesterreich in their supplemental disclosures submitted on March 11, 2008, Defendant believed it would be redundant to name her in its disclosures as well. However, on June 10, 2008, when Plaintiffs first raised the issue with Defendant that they intended not to take Ms. von Oesterreich's deposition unless she were to testify at trial, Defendant became aware of Plaintiffs' objections to her appearance at trial and formally supplemented its disclosures to include Ms. von Oesterreich. Defendant asserts that, under the circumstances surrounding the consistent

information exchange regarding Ms. von Oesterreich during the discovery period, sanctions are not appropriate.

**II. Discussion**

Rule 26(a)(1) provides in pertinent part that a party must disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A) (2008). Moreover, a party has a duty to supplement these disclosures upon learning that they are incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1) (2008). "The failure to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party from conducting discovery on the supplemental disclosures, constitutes a violation of Rule 26." *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, No. 05-cv-02084-PSF-CBS, 2007 WL 1613352, *1 (D. Colo. 2007) (citing *Owner-Operator Indep. Driver Assoc., Inc. v. USIS Commercial Servs., Inc.,* No. 04-cv-01384-REB-CBS, 2006 WL 2331003, at *1 (D. Colo. 2006)).

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The district court has broad discretion both to impose sanctions for discovery abuses under Rule 37 and to decide whether any Rule 26(a) violation was justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992-93 (10th Cir. 1999); *Jacobsen v. Deseret*

*Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In construing Rule 37(c)(1), "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993.

Here, the Court finds no sanctionable violation of Fed. R. Civ. P. 26(a)(1). All cases cited by Plaintiffs and researched by this Court, which impose sanctions for the failure to disclose, do so only if a failure has occurred after discovery has ended (or, on the last day of the discovery period).[1] *See, e.g. Searles v. Van Bebber*, 251 F.3d 869, 877 (10th Cir. 2001) (affirming exclusion of witness testimony disclosed at trial); *Cook v. Rockwell Int'l Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005) (granting motion to exclude expert testimony brought during trial); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (affirming exclusion of videotapes produced 43 days and six months after discovery ended); *Ngyuen v. IBP, Inc.*, 162 F.R.D. 675 (D. Kan. 1995) (ruling on a motion in limine to exclude trial testimony); *Mehus v. Emporia State Univ.*, 326 F. Supp.2d 1213, 1218 (D. Kan. 2004) (same); *Wilkins v. KMart Corp.*, 487 F. Supp.2d 1216, 1224 (D. Kan. 2007) (granting objections to witness list submitted "within a matter of days" of trial). Plaintiffs cite no binding or persuasive case law demonstrating that a Rule 26(a)(1) violation may be sanctioned

---

[1] Plaintiffs cite an opinion from the Eastern District of Pennsylvania in which the court affirmed a party's objection to an expert report that was disclosed two weeks before the discovery cutoff as prejudicial. *See Perkasie Indus. Corp. v. Advance Transformer, Inc.*, 143 F.R.D. 73 (E.D. Pa. 1992). The Court finds that case to be distinguishable and unpersuasive; the trial in that case was scheduled to occur two months after the discovery cutoff, and upon the completion of briefing of the motion, the court's order issued merely one week before trial. In the instant case, no trial date has been scheduled.

if it occurs prior to the close of discovery. *But see Four Corners Nephrology Assocs.,* 2007 WL 1613352 at *1 ("[t]he failure to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party from conducting discovery on the supplemental disclosures, constitutes a violation of Rule 26"). In the instant case, the witness was informally disclosed as a potential trial witness in an email on June 10, 2008 and formally identified in a supplemental disclosure on June 16, 2008, approximately one month before the close of discovery on July 14, 2008.

Therefore, the analysis turns on whether Defendant met its obligation pursuant to Fed. R. Civ. P. 26(e) to supplement its disclosures "in a timely manner" or if they were "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *See* Fed. R. Civ. P. 26(e)(1)(A) (2008). Such supplements are to be disclosed by the time pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3), which, unless a court orders otherwise, is 30 days before trial. *See Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004). Here, disclosure of Ms. von Oesterreich as a potential witness was made to Plaintiffs through responses to discovery requests in January 2008, through information exchanged during depositions in February 2008, and through discussions among counsel to set Ms. von Oesterreich's deposition (some of which included the fact that the deposition was needed for trial preservation). *See, e.g.,* docket #88-9. In fact, after receiving the information they requested regarding Ms. von Oesterreich, Plaintiffs named her as a potential witness in their own disclosures on March 11, 2008. Finally, Defendant supplemented its disclosures and formally added Ms. von Oesterreich as a potential witness one month before discovery was due and well before the proposed pretrial order was due to be filed. Therefore, the Court finds that disclosure of Ms. von

Oesterreich as a potential witness was made in a timely manner in this case.

However, even if an actual violation of Rule 26(a) has occurred in this case, the Court finds it to be substantially justified and harmless. For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance. *Nguyen v. IBP, Inc.,* 162 F.R.D. at 680. "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.*

Here, the Court finds there existed a genuine dispute concerning whether Defendant was obligated to supplement its disclosures when it incorporated by reference all disclosures made by Plaintiffs, including the disclosure of Ms. von Oesterreich on March 11, 2008. During conversations regarding the arrangement of Ms. von Oesterreich's deposition, both sides discussed the fact that the deposition would be taken (in part) for preservation at trial. The first time Defendant had any indication that Plaintiffs intended not to pursue the witness' deposition testimony was on June 10, 2008; days later, Defendant submitted its supplemental disclosure naming Ms. von Oesterreich as a potential witness. *See* docket #88-10. Thus, the Court finds the Defendant's delay in disclosing Ms. von Oesterreich is substantially justified under the circumstances of this case.

Moreover, Defendant's delay is harmless as that term is used in this context. No trial has been scheduled, and the proposed pretrial order, including the parties' lists of potential witnesses and exhibits, is not due until September 29, 2008. Any prejudice that might have resulted from Defendant's delay in disclosing Ms. von Oesterreich may be cured with the grant of additional time within which to depose the witness. The question to be addressed, then, is how the parties are to proceed with arranging a deposition of Ms. von Oesterreich, a non-party German citizen.

Plaintiffs request an order of the Court compelling Defendant to provide Ms. von Oesterreich for a full-day deposition pursuant to the applicable rules of civil procedure. Defendant counters that the Court has no subpoena power over Ms. von Oesterreich, and that Plaintiffs may either proceed under the procedures established by 28 U.S.C. § 1781 and the Hague Convention or accept Hypo International's offer to depose the witness in Munich, Germany at which each party will have 90 minutes for questions.

During a status conference on June 27, 2008, at which the parties raised these issues for the first time, defense counsel suggested that Hypo International might be willing to increase the time allotted for the proffered deposition to three hours for each side. Considering the knowledge and scope of the information attributed to Ms. von Oesterreich in this matter, the Court finds defense counsel's suggestion fair and reasonable. Therefore, the Court will allow additional time within which to take the deposition of Ms. von Oesterreich under the parameters proffered by defense counsel.

**III.   Conclusion**

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) [filed July 3, 2008; docket #77] is **denied**.

The Court will allow additional time within which to take the deposition of Ms. von Oesterreich to October 15, 2008. Defendant will arrange for the deposition to take place at a time and place convenient for the witness and counsel, and the deposition will proceed with up to three hours of questioning by each side. The parties will be granted leave to amend or supplement their dispositive motions with additional information gleaned from the deposition.

The Final Pretrial Conference currently scheduled for October 6, 2008 is hereby **vacated and**

**rescheduled** to Monday, **November 10, 2008 at 9:45 a.m.** A proposed final pretrial order shall be submitted to the Court no later than five business days in advance of the conference.

Dated at Denver, Colorado, this 13th day of August, 2008.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge